UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:

MIRENA IUD PRODUCTS LIABILITY LITIGATION

*This Document Relates To All Actions*

------------------------------------------------------------------------x

ORDER No. 21
(Contact with Plaintiffs'
Treating Physicians)
13-MD-2434 (CS)
13-MC-2434 (CS)

<u>Seibel, J.</u>

Defendants having requested an Order from this Court for permission to informally contact Plaintiffs' treating healthcare providers ("Providers") *ex parte* prior to any deposition, Plaintiffs having opposed Defendants' application, the parties having argued Defendants' application at the status conference held on May 14, 2014, and the Court having made its determination orally at that conference, it is accordingly

ORDERED as follows:

1. Defendants are prohibited from communicating *ex parte* with Plaintiffs' Providers except as to deposition scheduling.

2. Plaintiffs' counsel may engage in *ex parte* communications with Plaintiffs' Providers to discuss the particular Plaintiff's medical conditions that are at issue in this litigation, including the physicians' records, course of treatment, product warnings and related matters. Plaintiffs' counsel are prohibited from engaging in *ex parte* discussions with Plaintiffs' Providers concerning liability issues or theories and Defendants' research documents or related materials. Plaintiffs must tell the Providers that any interviews are voluntary and can be declined.

3. Consistent with Section 8.c of the Revised Confidentiality Stipulation and Protective Order entered on December 20, 2013 (MD Doc. No. 537; MC Doc. No. 43), in any *ex*

*parte* conversation with Plaintiffs' Providers, Plaintiffs' counsel are not precluded from disclosing the following documents so long as the disclosure is consistent with Paragraph 2 above:

a. All documents (including call notes) referencing the Provider to whom the disclosure is being made.

b. All promotional materials identified as being used for the purposes of sales call visits with the Provider to whom the disclosure is being made.

c. All approved promotional materials used for the purposes of sales call visits with Providers found within the custodial file of a sales representative who called on the Provider to whom the disclosure is being made.

d. All documents and materials presented during educational seminars (*i.e.*, continuing medical education lectures and other similar lectures/meetings).

e. All "Dear Doctor" and "Dear Healthcare Provider" letters sent to healthcare providers in the United States.

f. All documents publicly available.

**SO ORDERED.**

Dated: June 16, 2014
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J